Argued and submitted March 29, reversed and remanded in part; otherwise affirmed November 1, 2000

## David A. DeLONG,
*Respondent,*

*v.*

## YU ENTERPRISES, INC.,
*Defendant,*

*and*

## Edward S. YU,
*Appellant.*

(16-97-03468; CA A103729)

13 P3d 1012

Joel S. DeVore argued the cause for appellant. With him on the briefs was Luvaas, Cobb, Richards & Fraser, P.C.

David C. Force argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Linder and Kistler, Judges.

LANDAU, P. J.

## LANDAU, P. J.

At issue in this case is whether a citizen has an absolute privilege from liability in a defamation action for reporting to a police officer information suggesting that a crime has been committed. The trial court held that such reporting is subject to a qualified privilege only. We hold that an absolute privilege applies.

The relevant facts are not in dispute. Defendant is part owner of a corporation that operates motels in Springfield. Plaintiff worked as a manager in one of those motels. Plaintiff and defendant became embroiled in a dispute, the details of which are not pertinent. Defendant became upset and fired plaintiff. Defendant then went to the Springfield Police Department and told an officer that, during the time that plaintiff managed the motel, money and hotel property had disappeared. Defendant did not accuse plaintiff of stealing the money or the property, but he did ask that the police investigate.

The officer investigated and forwarded a report to the district attorney, as was standard procedure. The district attorney told the officer to issue a citation to plaintiff for theft in the second degree, and the officer did so. The district attorney later filed an information charging plaintiff with theft in the second degree. A warrant for plaintiff's arrest followed. Some months later, plaintiff turned himself in to the police. Ultimately, he was released, and the charges against him were dismissed.

Plaintiff then initiated this action for defamation and malicious prosecution, based on defendant's report to the Springfield police that property and money had been missing during plaintiff's management of the motel. Defendant answered, asserting a defense of absolute privilege. At trial, following the close of plaintiff's case, defendant moved for a directed verdict based on the privilege defense. The trial court took the matter under advisement until the close of the evidence. At the conclusion of the trial, the court denied the motion, ruling that defendant's statements were subject only to a defense of qualified privilege and that there was a jury question as to the applicability of that defense to the evidence

before it. The jury ultimately found for defendant on the malicious prosecution claim, but for plaintiff on the defamation claim.

■    Defendant appeals, assigning error to the trial court's denial of his motion for a directed verdict on the defamation claim. According to defendant, reports of possible crimes to law enforcement officials are absolutely privileged. Plaintiff argues that the absolute privilege has been recognized only in certain narrow circumstances not including reports of crimes to law enforcement officials and that we should not extend the defense in this case. Plaintiff argues that the better rule, reflected in a Florida Supreme Court decision, *Fridovich v. Fridovich*, 598 So 2d 65 (Fla 1992), is that reports of possible crimes to law enforcement officials should be subject only to a qualified privilege, which shields from liability only in cases of good-faith reporting. Defendant replies that, regardless of what the Florida courts may hold, the Oregon cases to date have recognized the applicability of an absolute privilege for reports made to county medical examiners, the state Board of Funeral Directors and Embalmers, a state bar disciplinary committee, and the governor and that there is no principled way to hold that the privilege applies to those circumstances and not also to reports of possible crimes to law enforcement officials. We agree with defendant.

■    We review the applicability of defendant's claimed defense of absolute privilege as a matter of law. *Wollam v. Brandt*, 154 Or App 156, 162, 961 P2d 219 (1998).

In *Ramstead v. Morgan*, 219 Or 383, 347 P2d 594 (1959), the defendant, a client, wrote a letter to the county grievance committee of the Oregon State Bar, complaining about the conduct of the plaintiff, his lawyer. At the time the defendant sent the letter, no proceeding was in progress, and the bar ultimately took no action against the plaintiff. The plaintiff brought an action for defamation, and the defendant invoked the defense of absolute privilege. The Supreme Court agreed with the defendant that the absolute privilege pertained, explaining:

"The absolute privilege to publish defamatory matter under the circumstances to which the privilege applies is

based on the ground that 'there are certain relations of life in which it is so important that the persons engaged in them should be able to speak freely that the law takes the risk of their abusing the occasion and speaking maliciously as well as untruly, and in order that their duties may be carried on freely and without fear of any action being brought against them, it says: "We will treat as absolutely privileged any statements made in the performance of these duties." ' *Moore v. Weaver*, 520 K B 520, 521 (1928)."

*Id.* at 387. The court held that judicial and quasi-judicial proceedings—including proceedings before administrative licensing bodies—are so important that statements made incident to them must be protected from creating any liability on the part of the persons who make them. *Id.* at 388-89.

In *Moore v. West Lawn Mem'l Park*, 266 Or 244, 512 P2d 1344 (1973), the defendants wrote to the state Board of Funeral Directors and Embalmers, recommending that the Board not entertain the plaintiff's application for a license as a funeral director and spelling out defamatory reasons for that recommendation. The plaintiff sued for defamation, and the trial court sustained a demurrer to the complaint on the ground that the allegedly defamatory statements were absolutely privileged. The Supreme Court affirmed, holding that *Ramstead* was dispositive:

"We cannot conclude that the practice of law is so much more important than the practice of funeral directors that communications to the licensing body for lawyers [are] absolutely privileged, whereas communications to the licensing body for funeral directors [are] not."

*Id.* at 249-50.

In *Cushman v. Edgar*, 44 Or App 297, 605 P2d 1210 (1980), several police officers were called to the scene of a dispute where members of a union were picketing. The officers arrested several of the picketers for disorderly conduct. One of the union's members sent a letter to the governor complaining of the officer's conduct and asked the Attorney General to investigate the incident. The officers sued the union and the union official, alleging that some of the statements in the letter to the governor were defamatory. The trial court sustained demurrers to the complaint, and this court

affirmed. Citing *Ramstead*, we held that the Attorney General could have initiated a grand jury investigation and that doing so is a judicial function that would fall within the absolute privilege that applies to statements that pertain to judicial and quasi-judicial proceedings. *Id.* at 302.

In *Ducosin v. Mott*, 292 Or 764, 642 P2d 1168 (1982), the defendant called the county medical examiner and suggested that the plaintiff possibly administered inappropriate amounts of medication to her mother, resulting in the mother's death. The examiner notified the district attorney, who, in turn, ordered an autopsy. The autopsy revealed that the mother died of natural causes. The plaintiff then brought an action for defamation. The defendant claimed the defense of absolute privilege. The trial court rejected the defense and held for plaintiff. The Supreme Court reversed, holding once again that *Ramstead* and its progeny controlled:

> "The public importance of disclosing that a death was caused by criminal means is at least as high on the scale of importance to society as the disclosure of unethical practice by a lawyer or the disclosure of the misdeeds of an applicant for a license as a medical director.

> "Analogous cases are those in which the defendant made a defamatory complaint to the prosecuting attorney. 'Although there is some authority to the contrary, the better view seems to be that an informal complaint to a prosecuting attorney or a magistrate is to be regarded as an initial step in a judicial proceeding, and so entitled to an absolute rather than a qualified immunity.' Prosser, Law of Torts § 114, pp 780-81 (4th ed 1971). 'Formal or informal complaints to a prosecuting attorney or other law enforcement officer concerning violations of the criminal law are absolutely privileged under the rule stated in § 587.' Restatement of Torts (Second) § 598, Comment e.

> "We hold the statement made by the defendant was absolutely privileged."

*Id.* at 769-70.

■ The foregoing cases make clear that, under Oregon law, statements made in the course of or incident to a judicial or quasi-judicial proceeding enjoy an absolute privilege as to a defamation claim. The cases further make clear that what

constitutes "in the course of or incident to" a judicial or quasi-judicial proceeding is broadly defined and does not require an ongoing proceeding. Indeed, in three of those four cases, no judicial or quasi-judicial proceedings occurred; it sufficed that the statements *could have* precipitated a judicial or quasi-judicial proceeding. Finally, although none of the cases directly addressed the applicability of the absolute privilege to statements made to police officers, they leave little doubt that it does apply. In *Ducosin*, the Supreme Court said as much, stating, albeit in *dictum*, that "[f]ormal or informal complaints to a prosecuting attorney or other law enforcement officer concerning violations of the criminal law are absolutely privileged." 292 Or at 770. Moreover, if the privilege applies to reports of possible wrongdoing to county medical examiners, county grievance committees of the state bar, state licensing boards, and the governor, we are hard pressed to divine a principled basis for concluding that it should not also apply to reports of possible criminal activity to a police officer.

As for plaintiff's reliance on the *Fridovich* decision, we must conclude that Florida law is simply different from Oregon's. In fact, the Florida Supreme Court itself recognized that fact in its *Fridovich* opinion, in which, citing *Ducosin*, it listed Oregon as one of several states that hold that the absolute privilege applies to reports of possible criminal activity to police officers. *Fridovich*, 598 So 2d at 67 n 4.

In this case, defendant reported possible criminal activity to a police officer. The report could have resulted—in fact, did result—in the initiation of judicial proceedings against plaintiff. Under *Ramstead* and its progeny, the report is subject to an absolute privilege from liability for defamation.

Reversed and remanded for entry of judgment in favor of appellant on defamation claim; otherwise affirmed.